Case 4:20-cv-01945   Document 14   Filed on 08/27/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Superior Consulting Group, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Civil Action H-20-1945 |
| § | | |
| Sprint Funding, Inc., § | | |
| Pythius Investments, Inc., and § | | |
| FCI Lender Services, Inc., § | | |
|     Defendants. § | | |

# Amended Memorandum and Recommendation

The August 10, 2020 memorandum and recommendation (D.E. 13) is withdrawn and replaced with this amended memorandum and recommendation.

Plaintiff, Anthony Welch, acting *pro se* and doing business as "Superior Consulting Group" alleges that Defendants have no right to foreclose on his property. Welch seeks a declaratory judgment and damages. He alleges fraud, breach of contract, and state statutory violations. Defendants filed a motion to dismiss under Rule 12(b)(6). (D.E. 4.) The court recommends that the motion be granted and that this action be dismissed with prejudice. The court further recommends that Defendants be awarded costs under Rule 54(d)(1).

1. *Background*

Welch filed this action in Harris County, Texas state court on May 26, 2020. Defendants removed the case to this court on June 3, 2020. Defendants filed their motion to dismiss pursuant to Rule 12(b)(6) on June 10, 2020. Welch did not respond. Instead, he filed an emergency motion for a temporary restraining order on June 23, 2020. (D.E. 7.) The court set an immediate hearing, but Welch did not show at the hearing. The court denied the motion.

(D.E. 10.) On July 16, 2020, Welch notified the court that he had filed a petition for writ of mandamus in the Fifth Circuit seeking to set aside the court's order denying injunctive relief. (D.E. 11.) Welch still has not responded to the motion to dismiss.

The remaining facts are all found in the state court petition. (D.E. 1-2.) Welch is the owner of real property located at 1111 Bering Drive, Unit 705 in Houston, Texas. He acquired the property at a Constable Sale on January 7, 2020. A year earlier, on January 25, 2019, the previous owner executed a deed of trust "to secure Mortgage Electronic Registrations Systems, Inc. for the benefit of Sprint." (*Id.* ¶ 16.) The deed of trust was filed in the Harris County property records. Thereafter, "Pythius came into ownership of the loan and FCI became the mortgage servicer." (*Id.* ¶ 17.) "[T]he Note and related Deed of Trust . . . were subsequently transferred to Defendant, Pythius but the original Deed of Trust was not assigned properly." (*Id.* ¶ 18.)

Welch did not attach to his petition a copy of the deed of trust, the note, or any document purporting to be an assignment. Welch alleges that "the chain of title was and is broken from the original lender" without alleging any facts in support of his contention. He concludes that Defendants lack standing to foreclose on his property.

2. *Standard of Review*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings."). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Special pleading rules apply to claims of fraud. Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)), *modified on other grounds by* 355 F.3d 356 (5th Cir. 2003).

Under this district's local rules, failure to respond to a motion is taken as a representation of no opposition. LR 7.4. Noncompliance with the local rule, however, is not a sufficient basis to grant a motion to dismiss for failure to state a claim. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). A district court may instead accept as true the uncontradicted facts raised in the unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (deeming it proper, in the context of an unopposed motion for summary judgment, for the district court to take as true the movant's factual allegations).

3. Analysis

Welch claims that Defendants do not have standing to initiate nonjudicial foreclosure on his property. He alleges, however, that Sprint was the original lender, that a deed of trust was executed for the benefit of Sprint, that "the Note and related Deed of Trust . . . were subsequently transferred to Defendant, Pythius," and that FCI is the mortgage servicer. (D.E. 1-2 ¶¶ 16-18.) A party has standing to foreclose if it is the owner or holder of a note secured by a deed of

3

trust. *See Everbank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex.App.—Houston [14th Dist.] 2016, no pet.). A mortgage servicer may also administer a foreclosure. Tex. Prop. Code § 51.0025. Welch has not alleged any facts from which the court can conclude that Pythius and FCI do not have standing to foreclose.

Welch also argues that there is a problem with the assignment of the note from Sprint to Pythius. He does not explain what the problem is. In any event, Welch does not allege that he was a party to either the note or the deed of trust. He alleges that both the note and the deed of trust were executed by a previous owner. As a stranger to the transaction, he lacks standing to attack it. *Morlock L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex.App.—Houston [1st Dist.] 2014, pet. denied).

Welch claims that Defendants committed fraud. However, he gives no facts about what representations were made, when they were made, or by whom they were made. The complaint does not overcome the hurdle of Rule 9(b). *See Benchmark Elecs.*, 343 F.3d at 724.

Welch claims Defendants breached a contract. He seems to be saying that Defendants breached the terms of the deed of trust by not giving him notice of their intent to foreclose and by failing to mitigate his damages. (D.E. 1-2 ¶ 36(D).) However, Welch's own allegations demonstrate that he is not a party to the deed of trust. He says the prior owner executed the deed of trust. He does not explain how he could be a third-party beneficiary to the deed of trust. Because he is not a party to the deed of trust, his claim fails. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 224–25 (5th Cir. 2013) ("Texas courts have held that a non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary.").

Welch claims that Defendants violated Texas Civil Practice and Remedies Code §12.002(a) by presenting or using "the assignment" with knowledge that it was fraudulent. He also claims that "Defendants made, presented or used documents with intent to cause Plaintiff" injury. (D.E. 1-2 ¶ 39.) Welch is merely tracking the

4

language of the statute. He gives no facts to indicate how Defendants violated the law or caused him injury.

Welch claims that Defendants violated the Texas Property Code because they did not send him notice of the foreclosure sale. He does not explain why he would be entitled to a mailed notice, given that he does not owe a debt to any Defendant. *See* Tex. Prop. Code § 51.002(d) (requiring notice be sent to "a debtor in default under a deed of trust or other contract lien"). He does not allege that Defendants failed to comply with public notice requirements under Texas Property Code § 51.002(b).

Welch is not entitled to injunctive relief or damages.

4. Conclusion

The court recommends that Defendants' motion to dismiss be granted and Plaintiff's claims be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Defendants may apply for their fees and costs and file a Bill of Costs per Federal Rule of Civil Procedure 54(d)(1) within forty-five days of the date of the entry of the final judgment.

Signed at Houston, Texas on August 27, 2020.

_____
Peter Bray
United States Magistrate Judge